IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCHYLER LEE ECHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-781-WKW |
| | ) | |
| JASON SMOAK, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Schyler Lee Echols ("Echols"), an indigent inmate, in which he challenges the constitutionality of medical treatment provided to him for injuries suffered in a fall on September 3, 2016, during his confinement in the Houston County Jail.  The order of procedure entered in this case instructed Echols to immediately inform the court of any new address.  *Doc. No. 7* at 5-6.

The court issued an order on November 28, 2016 (Doc. No. 12), a copy of which the Clerk mailed to Echols.  The postal service returned this order because Echols no longer resided at the address he had last provided to the court.[1]  In light of the foregoing, and as Echols had not provided the court with a correct address as directed by the order of procedure, the court entered an order requiring that on or before December 28, 2016, Echols inform the court of his current address (Doc. No. 28).  This order specifically advised Echols that the instant case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives

---

[1]It appears that Houston County officials released Echols from the jail to the free-world sometime in November of 2016.

would result in the dismissal of this case.  As of the present date, the court has received no response from Echols to the aforementioned order, nor has he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Echols has failed to comply with the directives of the orders entered by this court.  In addition, this case cannot properly proceed in his absence.  It likewise appears that Echols is no longer interested in the prosecution of this case.  The court therefore concludes that this case is due to be dismissed.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.  It is further

ORDERED that on or before January 24, 2017, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of January, 2017.

/s/    Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE